JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE AZZINARI, | ) Case No. CV 25-4997-JPR |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S MOTION |
| | ) TO REMAND AND REMANDING CASE TO |
| VOLKSWAGEN GRP. OF AM., INC., | ) LOS ANGELES COUNTY SUPERIOR COURT |
| Defendant. | ) |

Plaintiff filed this action in Los Angeles County Superior Court on April 25, 2025. (Notice Removal, Ex. A, ECF No. 1-1 at 4.) The Complaint raises claims under the Song-Beverly Consumer Warranty Act for breach of express warranty and breach of the implied warranty of merchantability. (Id. at 6-8.)

On May 2, 2025, Plaintiff personally served on Defendant a copy of the Complaint and Summons. (Id. at 2.) Defendant answered on June 2 (id., Ex. B, ECF No. 1-2 at 2) and on the same day removed the case to this Court based on diversity jurisdiction (id., ECF No. 1 at 1-2). On August 27, Plaintiff moved to remand to state court, arguing that Defendant "cannot

1

establish . . that the amount in controversy exceeds the $75,000 threshold required." (Mot. Remand, ECF No. 13 at 2.) Defendant opposed on September 4, and Plaintiff replied a week later. Because oral argument would not materially assist it in resolving the dispute, the Court ordered the hearing off calendar and took the matter under submission. (<u>See</u> ECF No. 17); C.D. Cal. R. 7-15.

The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (<u>See</u> ECF No. 8.) For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Remand and ORDERS this action REMANDED to Los Angeles County Superior Court.

**BACKGROUND**

The Complaint alleges that Plaintiff is a citizen of California and Defendant is a New Jersey corporation "registered to do business" here. (Notice Removal, Ex. A, ECF No. 1-1 at 5.) On October 19, 2023, Plaintiff leased from Defendant a 2023 Volkswagen Taos. (<u>Id.</u> at 6.) "Plaintiff[] leased [the vehicle] for a total price of $17,382.06." (<u>Id.</u>) Alleged "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period," and those alleged "nonconformities substantially impaired the use, value and/or safety" of the vehicle. (<u>Id.</u>) Plaintiff "delivered the vehicle to an authorized [Volkswagen] repair facility for repair of the nonconformities," but Defendant "was unable to conform the . . . [v]ehicle to the applicable express warranty after a reasonable number of repair attempts." (<u>Id.</u>) Plaintiff seeks "reimbursement of the price paid and/or owed for the . . .

2

[v]ehicle less that amount directly attributable to use by the Plaintiff[] prior to the first presentation to an authorized repair facility for a nonconformity." (Id.)  She asks for "incidental, consequential, and general damages"; "costs and expenses"; "attorney's fees"; a "civil penalty of up to two times the amount of actual damages"; "prejudgment interest"; and "such other and further relief as the Court deems just and proper under the circumstances." (Id. at 7-8.)

## LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court.  28 U.S.C. § 1441.  An action may be removed based on "diversity jurisdiction."  § 1332; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the lawsuit is between citizens of different states. See § 1332(a).  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  It is the removing party's burden to establish that removal is proper.  See Gaus, 980 F.2d at 566.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Although "defendants need not make extrapolations or engage in guesswork," they are required to

3

"apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation omitted).

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). But when it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing party must establish by a preponderance of evidence that the amount-in-controversy requirement is met. See id.

A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. When removal is challenged, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). A motion to remand on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after filing of the notice of removal. § 1447(c). "A

4

1  dispute regarding the amount in controversy is inherently an
2  issue of subject matter jurisdiction," Avila v. Con-Way Freight
3  Inc., 588 F. App'x 560, 561 (9th Cir. 2014), and a motion based
4  thereon "may be made at any time," Flam v. Flam, 788 F.3d 1043,
5  1047 n.2 (9th Cir. 2015).

**DISCUSSION**

Plaintiff moves to remand on the basis that Defendant "cannot show that the amount in controversy is $75,000.00" and therefore "there are inadequate grounds to establish federal subject matter jurisdiction."  (Mot. Remand, Mem. P. & A., ECF No. 13-1 at 2.)  She asserts that the "face of the Complaint clearly sets out Plaintiff's total [lease] payments of $17,382.06," the amount of the lease payments must be "offset by a deduction for use of the vehicle . . . and several other newly-legislated offsets," Defendant incorrectly "include[d] the Residual Value of $18,018.56" in computing the amount in controversy, Defendant has "provided no evidentiary basis for this Court to conclude a civil penalty will be awarded," and Defendant "has not met its burden here for including attorneys' fees in the amount in controversy" or offered any plausible dollar amount for such fees.  (Id. at 4-8; see also Reply, ECF No. 15 at 2-8.)

Song-Beverly provides for restitution "in an amount equal to the actual price paid or payable by the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), and for a civil penalty of up to twice the amount of actual damages, see § 1794(c), (e).  Certain offsets are applied to the "actual price paid or payable by the buyer," including the "amount directly attributable to use by the buyer

prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." § 1793.2(d)(2)(C). Effective January 1, 2025, additional offsets exist for negative equity; manufacturers' rebates and credits; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Civ. Proc. Code § 871.27(b)-(d).

Courts apply a "slightly different" calculation of actual damages when the subject vehicle was leased rather than purchased. Gomez v. Nissan N. Am., Inc., No. 2:24-cv-09020-SVW, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025). For leased vehicles, courts "consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease." Id. (citation omitted).

The Complaint alleges that Plaintiff "leased [the vehicle] for a total price of $17,382.06." (Notice Removal, Ex. A, ECF No. 1-1 at 6.) As reflected in the lease agreement, the "agreed upon" value of the vehicle was $30,026.70. (Id., Ex. C, ECF No. 1-3 at 3.) Defendant contends that the residual value[1] of $18,018.56 as reflected in the lease (id.) should be included in the amount in controversy because the lease term continues into January 2027; thus, the $18,018.56 would not be satisfied by the time trial would be over (Opp'n, ECF No. 14 at 9-10).

But as Plaintiff argues (see Mot. Remand, Mem. P. & A., ECF No. 13-1 at 4-5), the residual value of a leased vehicle is

---

[1] The lease defined "residual value" as the "value of the Vehicle at the end of the Lease." (Notice Removal, Ex. C, ECF No. 1-3 at 3.)

6

generally not included in the amount in controversy because it is not part of the amount "paid or payable" by a lessee. See Maguire v. Volkswagen Grp. of Am., Inc., No. 2:24-cv-07586-ODW (PDx), 2024 WL 5316229, at *1 n.1 (C.D. Cal. Sept. 30, 2024) (declining to include residual value of leased vehicle in amount in controversy); D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (finding that leased vehicle's manufacturer's suggested retail price could not be used to calculate amount in controversy for purposes of diversity jurisdiction because "price paid" under Song-Beverly Act was "not the MSRP, but only what Plaintiff has paid under her lease"); see also Cotterell v. General Motors LLC, No. 3:19-cv-822 (MPS), 2019 WL 6894256, at *9 (D. Conn. Dec. 18, 2019) (finding that Plaintiff's compensatory damages for breach of warranty for amount-in-controversy purposes "would be, at most, the amount she paid under the lease"). Therefore, the compensatory damages in controversy here is $17,382.06 minus any offsets.

The Complaint does not allege facts sufficient to calculate the mileage offset, see § 1793.2(d)(2)(C), or any information concerning any of the new mandatory offsets, even assuming they apply to a car leased in 2023. But Defendant hasn't shown that the amount in controversy meets the jurisdictional requirement for diversity even without considering the offsets, as discussed below.

The Complaint reflects that Plaintiff seeks civil penalties in the amount of two times actual damages. (Notice Removal, Ex. A, ECF No. 1-1 at 8.) The maximum amount of civil penalties

7

generally factor into the amount in controversy. See Wang v. FCA US LLC, No. 8:24-cv-02060-JWH-KES, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) ("The Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." (citing Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007), & Morey v. Louis Vuitton N. Am., Inc., 461 F. App'x 642, 643 (9th Cir. 2011))). Two times the total lease payments of the vehicle of $17,382.06 is only $34,764.12. Even when actual damages and civil penalties are added together and even without considering offsets, the total amount in controversy is $52,146.18, far short of the $75,000 jurisdictional threshold. Defendant has not shown that the amount in controversy meets or exceeds the statutory minimum.[2]

## CONCLUSION AND ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: October 2, 2025

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[2] Defendant's only argument on attorney fees is that it is "unrealistic" to "expect less than $5,000 in attorneys' fees." (Opp'n, ECF No. 14 at 11.) Because an additional $5,000 in controversy would still not mean that the jurisdictional amount was satisfied, the point is moot.